996 F.2d 1211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gregory INMAN; Jose L. Lopez; Richmond S. Johnson, on
behalf of themselves and all others similarly
situated, Plaintiffs-Appellants,
v.
BOARD OF SUPERVISORS OF NORTHAMPTON COUNTY, VIRGINIA;
Charles S. Bell; John w. White, Sr.; Henry J. Lambertson,
Jr.; Preston C. Lellam, Jr; Arthur T. Carter; T. Hume
Dixon, iii, in their Official Capacities as Members of the
Northampton County Board of Supervisors; John M.
Richardson, in his official capacity as Northampton County
Administrator; W. Wayne Bradford, in his official capacity
as Sheriff of Northampton County, Defendants-Appellees.
 No. 92-2105.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 3, 1993.
Decided: June 28, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Richard B. Kellam, Senior District Judge. (CA-91-658-N)
 David Cyrus Fathi, National Prison Project of the American Civil Liberties Union Foundation, Washington, D.C., for Appellants.
 Bruce D. Jones, Jr., County Attorney for Northampton County, Eastville, Virginia, for Appellees.
 Stephen B. Pershing, American Civil Liberties Union of Cirginia, Richmond, Cirginia; Shelley Latin, Peninsula Legal Aid Center, Belle Haven, Virginia, for Appellants.
 Thomas Byrd Dix, Jr., Custis, Lewis & Dix, Accomac, Virginia, for Appellee Bradford.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON, Circuit Judge, BUTZNER, Senior Circuit Judge, and HOWARD, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 Plaintiffs, three prisoners at the Northampton County Jail in Eastville, Virginia, are seeking attorneys' fees under 42 U.S.C. § 1988. They claim to have prevailed in a § 1983 suit challenging jail conditions because their suit was a "catalyst" for several repairs made at the Jail. The district court found that the lawsuit was not a catalyst for any repairs and denied plaintiffs' motion for fees. Finding no error in the district court's ruling, we affirm.
 
 
 2
 Plaintiffs brought their § 1983 suit against the Northampton County Board of Supervisors (the "Board"), individual Board members, the County Administrator, and the County Sheriff. They alleged unconstitutional conditions at the Jail. Suit was filed in October of 1991, a few days after the Virginia Board of Corrections (the "VBOC") had decertified the Jail because of poor conditions. Plaintiffs initially sought a temporary restraining order to close the Jail, but the district court stayed the proceedings because it appeared that defendants and the VBOC were adequately rectifying the Jail's conditions.
 
 
 3
 In response to VBOC audits of the facility and the eventual decertification, defendants made extensive repairs to the Jail in the summer and fall of 1991. These repairs were substantial, as evidenced by VBOC's unconditional recertification of the Jail in December of 1991. When staying the suit, the district court had stated that if the Jail met VBOC specifications, there would be no need for § 1983 relief. In the aftermath of the recertification, plaintiffs moved for voluntary dismissal and attorneys' fees.
 
 
 4
 The district court granted dismissal but did not award fees. Specifically, the district court found that plaintiffs did not prevail for § 1988 purposes because "nowhere in the course of this suit has it been proven that the Eighth and Fourteenth Amendments were violated. Thus, it is not reasonable to conclude that the plaintiffs have prevailed in this litigation when their main allegations were never established." The district court stated that plaintiffs still could have prevailed if their lawsuit had been a "catalyst" for improvements made at the Jail, but found that "the improvement of conditions in the [Jail] was in response to the [VBOC's] reports, actions and decertification and not in response to the institution and maintenance of plaintiffs' lawsuit. Plaintiffs' lawsuit neither promoted remedial action by defendants nor affected the behavior of the defendants towards the plaintiffs." From this judgment, plaintiffs appeal.
 
 
 5
 Plaintiffs contend that several improvements made at the Jail went above and beyond those called for by the VBOC. According to plaintiffs, defendants undertook these repairs because of the lawsuit, and therefore, that the suit was a catalyst for more extensive repairs than otherwise would have been made. Plaintiffs thus claim to be entitled to fees.
 
 
 6
 The parties have spent considerable time arguing whether catalyst theory even remains a viable basis for the recovery of fees after the Supreme Court's decision in Farrar v. Hobby, 113 S. Ct. 566 (1992). We see no need, however, to address this issue. The district court expressly found that this suit was not a catalyst for any repairs. Ample evidence in the record supports the district court's findings that defendants were working to improve the Jail long before the lawsuit was filed, and that the improvements were made as a result of the state certification process, not the lawsuit. The district court has carefully analyzed the legal issues with respect to plaintiffs' fee petition, and for the reasons expressed in its order, we affirm the judgment.
 
 AFFIRMED